AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

CHEIKH SIDY MOHAMED TAMBADOU and
OURY CISSE

V.

GREYHOUND LINES, INC. and
LAIDLAW INTERNATIONAL, INC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**07 CIV 9299**

TO: (Name and address of Defendant)

Laidlaw International, Inc.
55 Shuman Boulevard # 600
Naperville, Illinois 60563

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John J. Vecchione, Esq.
Valad & Vecchione, PLLC
3863 Plaza Drive
Fairfax, Virginia 22030

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 1 7 2007

CLERK

*[signature: Marcos Quintero]*

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                  Date                        *Signature of Server*

                                                  _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

CHEIKH SIDY MOHAMED TAMBADOU
and OURY CISSE, Individually and as Co-Liquidators
of the Estate of SOULEYMANE TAMBADOU, deceased,
12435 Av de Saint-Castin
Montreal, Quebec H3M 2L9
Canada,

                Plaintiffs,          **COMPLAINT**

   -vs-                                JURY TRIAL DEMANDED

GREYHOUND LINES, INC.,
P.O. Box 660362
Dallas, Texas 75266,
   and
LAIDLAW INTERNATIONAL, INC.
55 Shuman Boulevard # 600
Naperville, Illinois 60563,

                Defendants.

---

NOW COMES Plaintiffs, Cheikh Sidy Mohamed Tambadou and Oury Cisse, Individually and as Co-Liquidators of the Estate of Souleymane Tambadou ("Plaintiffs"), by and through counsel, and hereby sues the defendants, Greyhound Lines, Inc. ("Greyhound") and Laidlaw International, Inc. ("Laidlaw")(collectively "Defendants"), and for their complaint and jury demand against the Defendants states as follows:

## **PARTIES**

1. Plaintiff CHEIKH SIDY MOHAMED TAMBADOU is a citizen of Senegal, is a resident of Montreal, Quebec, Canada, is the natural father of SOULEYMANE TAMBADOU, deceased, and is the duly appointed Co-Liquidator of the Estate of Souleymane Tambadou, Deceased (which is the Quebec equivalent of estate administrator).

2. Plaintiff OURY CISSE is a citizen and resident of Montreal, Quebec, Canada, is the natural mother of SOULEYMANE TAMBADOU, deceased, and is the duly appointed Co-Liquidator of the Estate of Souleymane Tambadou, Deceased (which is the Quebec equivalent of estate administrator).

3. Defendant GREYHOUND LINES, INC. (hereinafter "Greyhound") is a Delaware corporation, with its principal place of business in Texas. Greyhound conducts substantial business in the State of New York and within this judicial District.

4. Defendant Laidlaw International, Inc. (hereinafter "Laidlaw") is a Delaware corporation, with its principal place of business in Illinois. Laidlaw conducts substantial business in the State of New York and within this judicial District.

5. Upon information and belief, Greyhound is a subsidiary of Laidlaw

and one hundred percent (100%) of Greyhound's stock is owned by Laidlaw.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship exists between the plaintiff and all defendants, and the matter in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.   This Court has *in personam* jurisdiction over defendants because at all times material to this cause of action they were and are foreign corporations for profit organized and existing under the laws of a state other than New York, but regularly and continuously conducting business in the State of New York, having sufficient contacts with the State of New York, both generally and with regard to this specific action, such that the exercise of personal jurisdiction over them does not offend the traditional notions of fair play and substantial justice and is proper.

8.   Venue is proper under 28 U.S.C. § 1391 in so far as each defendant is deemed to reside in this judicial District, as each of the defendants is subject to personal jurisdiction in this judicial district at all times relevant hereto and at the time this action is commenced.

## GENERAL ALLEGATIONS

9.   Plaintiffs incorporate by reference all of the allegations contained in

paragraphs 1 through 8 as if fully set forth herein.

10. At all times hereinafter mentioned, Defendant Greyhound was and is in the business of owning, operating, managing, controlling, and maintaining commercial buses, by and through its servants, agents, and employees.

11. Defendant Greyhound owned, operated, managed, controlled, and maintained the bus upon which Plaintiffs' decedent was a passenger at the time of the incident giving rise to this case.

12. At all times relevant hereto, Defendant Laidlaw was and is in the business of owning, operating, managing, controlling, and maintaining commercial buses, by and through its servants, agents, employees, and subsidiaries.

13. Defendant Laidlaw owned, operated, managed, controlled, and maintained the bus upon which Plaintiffs' decedent was a passenger at the time of the incident giving rise to this case.

14. At all time relevant hereto, Defendants were common carriers, in that their buses were made available for transportation to the general fare-paying public.

15. At all times relevant hereto, Ronald Burgess was an employee of Greyhound.

16. At all times relevant hereto, Ronald Burgess operated a bus owned,

managed, controlled, and maintained by Defendants with Defendants' permission and consent, and within the scope and course of his employment.

17. On or about August 28, 2006, Defendants owned, leased, maintained, managed, controlled, and operated a Greyhound Bus Number 4014, model DL-3 bearing Texas registration number R7HW58 ("the subject bus").

18. On or about August 28, 2006, Ronald Burgess, while in the scope and course of his employment with Greyhound, operated the subject bus on Interstate Route 87 between New York City and Montreal, Quebec, Canada.

19. On or about August 28, 2006, Plaintiffs' decedent Souleymane Tambadou was a fare-paying passenger on the subject bus.

20. On or about August 28, 2006 Plaintiffs' decedent Souleymane Tambadou boarded the subject bus in New York City.

21. On or about August 28, 2006, the subject bus, driven by Ronald Burgess and on which Souleymane Tambadou was a passenger, was traveling on Interstate 87 North, a public roadway or thoroughfare in or near Elizabethtown, New York.

22. On or about the August 28, 2006, Ronald Burgess, was operating the subject bus on Interstate 87 North between Exits 30 and 31 in or near Elizabethtown, New York, at a high rate of speed or at a rate of speed in excess of

the posted speed limit.

23. On or about August 28, 2006, a damaged tire on the subject bus either exploded or rapidly deflated.

24. At or about the same time and the same location in or near Elizabethtown, New York, Ronald Burgess lost control of the subject bus such that it left the roadway, struck a guard rail, and overturned several times.

25. As the subject bus left the roadway and overturned, several passengers, including Plaintiffs' decedent Souleymane Tambadou, were thrown from the subject bus.

26. After being thrown from the subject bus, Plaintiffs' decedent Souleymane Tambadou came to rest underneath the overturned bus.

27. Plaintiffs' decedent Souleymane Tambadou sustained crushing injuries as a direct and proximate result of being thrown from the subject bus and being pinned underneath the overturned bus, and subsequently died as a result of these injuries.

28. Prior to August 28, 2006, the Defendants were aware of the proclivity that their model DL-3 buses had for tires exploding or deflating rapidly, which could result in the loss of control of these vehicles, crashes, rollovers, and other consequent incidents.

29. Prior to August 28, 2006, the Defendants knowingly purchased, leased, employed, operated, and used model DL-3 buses, including the subject bus, with frangible roofs, which could collapse upon impact.

30. Prior to August 28, 2006, the Defendants knowingly purchased, leased, employed, operated, and used model DL-3 buses, including the subject bus, that lacked passenger seatbelts.

31. Prior to August 28, 2006, with knowledge that the absence of seatbelts would cause passengers to be ejected from such buses in the event of a crash incident and/or rollover, the Defendants chose not to install seatbelts in their model DL-3 buses.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (NEGLIGENCE)

32. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. As common carriers, Defendants had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

34. Defendants breached the duties of care they owed to plaintiffs and plaintiffs' decedent, by negligently operating, maintaining, controlling, and leasing the subject bus; by negligently hiring, supervising, training, communicating with

and educating their employees, representatives, and agents who operated, controlled, managed, and maintained the subject bus; and by recklessly ignoring the history of tire explosions or abrupt deflations of tires in their model DL-3 buses and continuing to operate said buses.

35. A proximate cause of the crash was Defendants' negligence; their reckless disregard for the care required to be exercised by law and common practice for the safety of their passengers; and other culpable conduct of the Defendants, through their agents, employees, and representatives, without any fault or negligence on the part of the plaintiffs or plaintiffs' decedent contributing thereto.

36. The failure of Ronald Burgess to use appropriate care to operate the subject bus, to adequately inspect the subject bus during the pre-trip inspection, to observe the conditions of the roadway, and to exercise the requisite control over the bus violated state common law standards and state and federal regulatory standards, and was otherwise negligent.

37. As a direct and proximate result of the Defendants' negligence, Plaintiffs and Plaintiffs' decedent sustained severe and serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York, including personal injuries, pain and suffering, death, economic loss greater than the basic

economic loss as defined by section 5104 of New York State's Insurance Law, and other damages, all of which exceed the sum of $75,000.00, exclusive of interest and costs.

38.   As a result of the aforesaid occurrence, plaintiffs have sustained damages in the sum of ten million dollars ($10,000,000.00).

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (BREACH OF WARRANTIES)

39.   Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.   Defendants expressly and impliedly warranted that they would provide safe, reliable, and appropriate common carriage bus transportation for their fare-paying passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers, including plaintiffs' decedent, and that their drivers, buses, and equipment were reasonably fit for their intended and foreseeable uses and purposes.

41.   Defendants breached their express and implied warranties by failing to provide safe, reliable, and appropriate common carriage bus transportation for their fare-paying passengers when the subject bus crashed during the trip from

New York City to Montreal.

42.  As a direct and proximate result of the Defendants' breach of their express and implied warranties, Plaintiffs and Plaintiffs' decedent sustained severe and serious injuries as defined by Section 5102(d) of the Insurance Law of the State of New York, including personal injuries, pain and suffering, death, economic loss greater than the basic economic loss as defined by section 5104 of New York State's Insurance Law, and other damages, all of which exceed the sum of $75,000.00, exclusive of interest and costs.

43.  As a result of the aforesaid occurrence, plaintiffs have sustained damages in the sum of ten million dollars ($10,000,000.00).

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (PUNITIVE DAMAGES)

44.  Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.  The reckless, wanton and willful misconduct of the Defendants, including their employees, and their gross disregard for the safety of their passengers, including but not limited to: their knowing disregard for the propensity of the tires on their model DL-3 buses to explode or abruptly deflate; the use of frangible roofs on their model DL-3 buses; the absence of passenger

seatbelts on their model DL-3 buses; the lack of training defendants provided to their drivers, and; the grossly deficient vehicle operation during the trip from New York City to Montreal on August 28, 2006 was a proximate cause of the vehicle's crash and the resulting injuries to and subsequent death of plaintiffs' decedent.

46. As a result of the foregoing, the Defendants are liable to the plaintiffs for punitive damages in the sum of One Hundred Million Dollars ($100,000,000.00).

## PRAYER FOR RELIEF
## (DAMAGES)

WHEREFORE, plaintiffs respectfully request the following relief:

1. A jury trial on all issues so triable.

2. Judgment against defendants, in favor of plaintiffs, in an amount to be determined by the jury;

3. Exemplary damages, in an amount to be determined by the jury;

4. Award plaintiffs the costs of this action, as well as any interest accrued;

5. Award plaintiffs such other and further relief as is deemed appropriate.

Plaintiffs expressly reserve the right to amend the complaint up to and

including at the time of trial to include all theories of recovery and items of damages not yet ascertained.

*signature*

John J. Vecchione, Esq.(JJV-3889)
Valad and Vecchione, PLLC
3863 Plaza Drive
Fairfax, Virginia 22030
Phone: (703) 352-4800
Facsimile: (703) 352-4820
Attorney for Plaintiffs

David K. Lietz (admission *pro hac vice* forthcoming)
DC Bar No. 430557
The Lietz Law Firm
888 16th Street, NW, Suite 800
Washington, DC 20006
Phone: (202) 349-9869
Facsimile: (202) 349-9867

Attorney for Plaintiffs

*Cheikh Sidy Mohamed Tamadou* and *Oury Cisse* (individually and as co-liquidators of the estate of *Souleymane Tambadou*)