UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEIKH SIDY MOHAMED TAMBADOU and OURY
CISSE, Individually and as Co-Liquidators of the Estate of        07 CIV 9299 (PKL)
SOULEYMANE TAMBADOU, deceased,
124 Av de Saint-Castin
Montreal, Quebec H3M2L9                                           ANSWER
Canada,

                                          Plaintiffs,           JURY TRIAL DEMANDED

      -against-

GREYHOUND LINES, INC.,
P.O. Box 660362
Dallas, Texas 75266,
     and
LAIDLAW INTERNATIONAL, INC.
55 Shuman Boulevard #600
Naperville, Illinois 60563,

                                          Defendants.
------------------------------------------------------------------X

      Defendant, GREYHOUND LINES, INC. ("GREYHOUND"), by its attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiff's Complaint, sets forth, upon information and belief, the following:

## PARTIES

      FIRST:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

      SECOND:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

373092.1

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "3" of the plaintiffs' complaint, except admits that defendant, GREYHOUND LINES, INC. is a Delaware corporation, with its principal place of business in Texas and conducts business in the State of New York and within this judicial District.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "4" of the plaintiffs' complaint.

FIFTH: Denies each and every allegation contained in Paragraph No. "5" of the plaintiffs' complaint.

## JURISDICTION AND VENUE

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "7" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

EIGHTH: Denies each and every allegation contained in Paragraph No. "8" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

## GENERAL ALLEGATIONS

NINTH: In response to Paragraph No. "9" of the plaintiffs' complaint, defendant GREYHOUND repeats, reiterates and realleges each and every assertion and denial contained in

Paragraph Nos. "FIRST" through "EIGHTH" hereinabove as though more fully set forth at length herein.

TENTH: Denies the allegations contained in Paragraph No. "10" of the plaintiffs' complaint, except admits that defendant GREYHOUND LINES, INC. was and is in the business of utilizing buses, some of which are owned by Greyhound Lines, Inc., to transport passengers.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "11" of the plaintiffs' complaint, except admits that the bus upon which plaintiffs' decedent was a passenger at the time of the incident at issue in this case was being operated by Greyhound Lines, Inc. employee Ronald Burgess on a Greyhound schedule.

TWELFTH: Denies the allegations contained in Paragraph No. "12" of the plaintiffs' complaint.

THIRTEENTH: Denies the allegations contained in Paragraph No. "13" of the plaintiffs' complaint.

FOURTEENTH: Denies the allegations contained in Paragraph No. "14" of the plaintiffs' complaint.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "15" of the plaintiffs' complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

SIXTEENTH: Denies the allegations contained in Paragraph No. "16" of the plaintiffs' complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this

litigation, Ronald Burgess operated a bus with defendant Greyhound Lines, Inc.'s permission and consent, and within the scope and course of his employment by Greyhound Lines, Inc.

SEVENTEENTH:   Denies the allegations in Paragraph No. "17" of the plaintiff's complaint except admits that on August 28, 2006, Ronald Burgess operated an MCI bus, model 102DL3, bearing Texas registration number R7HW58.

EIGHTEENTH:   Admits that allegations contained in Paragraph No. "18" of the plaintiffs' complaint.

NINETEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "19" of the plaintiffs' complaint, except admits that on August 28, 2006, Souleymane Tambadou was a fare-paying passenger on the subject bus.

TWENTIETH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "20" of the plaintiffs' complaint.

TWENTY-FIRST:   Admits the allegations contained in Paragraph No. "21" of the plaintiffs' complaint.

TWENTY-SECOND: Denies each and every allegation contained in Paragraph No. "22" of the plaintiffs' complaint.

TWENTY-THIRD:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiffs' complaint.

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "24" of the plaintiffs' complaint.

TWENTY-FIFTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "25" of the plaintiffs' complaint.

373092-1

TWENTY-SIXTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "26" of the plaintiffs' complaint.

TWENTY-SEVENTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "27" of the plaintiffs' complaint.

TWENTY-EIGHTH: Denies each and every allegation contained in Paragraph No. "28" of the plaintiffs' complaint.

TWENTY-NINTH:   Denies each and every allegation contained in Paragraph No. "29" of the plaintiffs' complaint.

THIRTIETH: Denies ea ch and every allegation contained in Paragraph No. "30" of the plaintiffs' complaint.

THIRTY-FIRST:   Denies each and every allegation contained in Paragraph No. "31" of the plaintiffs' complaint.

## ANSWERING THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS (NEGLIGENCE)

THIRTY-SECOND: In response to Paragraph No. "32" of the plaintiffs' complaint, defendant GREYHOUND repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-FIRST" hereinabove as though more fully set forth at length herein.

THIRTY-THIRD:   Denies each and every allegation contained in Paragraph No. "33" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FOURTH:   Denies each and every allegation contained in Paragraph No. "34" of the plaintiffs' complaint.

THIRTY-FIFTH: Denies each and every allegation contained in Paragraph No. "35" of the plaintiffs' complaint.

THIRTY-SIXTH: Denies each and every allegation contained in Paragraph No. "36" of the plaintiffs' complaint.

THIRTY-SEVENTH: Denies each and every allegation contained in Paragraph No. "37" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-EIGHTH: Denies each and every allegation contained in Paragraph No. "38" of the plaintiffs' complaint.

### ANSWERING THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS (BREACH OF WARRANTIES)

THIRTY-NINTH: In response to Paragraph No. "39" of the plaintiffs' complaint, defendant GREYHOUND repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-EIGHTH" hereinabove as though more fully set forth at length herein.

FORTIETH: Denies each and every allegation contained in Paragraph No. "40" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FIRST: Denies each and every allegation contained in Paragraph No. "41" of the plaintiffs' complaint.

FORTY-SECOND: Denies each and every allegation contained in Paragraph No. "42" of the plaintiffs' complaint and respectfully refers all questions of law to the determination of the Trial Court.

6

373092-1

FORTY-THIRD: Denies each and every allegation contained in Paragraph No. "43" of the plaintiffs complaint.

## ANSWERING THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS (PUNITIVE DAMAGES)

FORTY-FOURTH: In response to Paragraph No. "44" of the plaintiffs' complaint, defendant GREYHOUND repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-THIRD" hereinabove as though more fully set forth at length herein.

FORTY-FIFTH: Denies each and every allegation contained in Paragraph No. "45" of the plaintiffs' complaint.

FORTY-SIXTH: Denies each and every allegation contained in Paragraph No. "46" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Upon information and belief, any damages sustained by the plaintiffs and/or the plaintiffs' decedent herein were not caused by any negligence or carelessness on the part of GREYHOUND, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and/or the plaintiffs' decedent and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against GREYHOUND.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Notwithstanding that GREYHOUND has denied liability herein, in the event that liability is found, the liability of GREYHOUND shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of GREYHOUND for non-economic loss shall not exceed its equitable share determined in

373092-1

accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-NINTH:   That to the extent plaintiffs and/or the plaintiffs' decedent recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTIETH:   Upon information and belief, the injuries sustained by plaintiffs are such that they do not fall within the requirements of Insurance Law §5102, et seq.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:   The Second Cause and Third Causes of Action of the plaintiffs' complaint fail to state claims upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:   The Southern District of New York is an inconvenient forum for the trial of this action and therefore the Southern District of New York is an improper venue. The Northern District of New York is a proper venue.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:   The plaintiffs lack capacity and/or standing to sue.

**WHEREFORE,** defendant, GREYHOUND LINES, INC., demands:

1. Judgment dismissing the Complaint;

  2. Together with the costs and disbursements of this action.

Dated: New York, New York
    November 29, 2007

            Yours, etc.,

            FABIANI COHEN & HALL, LLP

            */s/ Kevin B. Pollak*
            Kevin B. Pollak (KBP 6098)
            Attorneys for Defendant
            GREYHOUND LINES, INC.
            570 Lexington Avenue, 4th Floor
            New York, New York 10022
            (212) 644-4420

TO: JOHN J. VECCHIONE, ESQ. (JJV-3889)
   VALAD AND VECCHIONE, PLLC
   3863 Plaza Drive
   Fairfax, Virginia 22030
   Phone: (703) 352-4800
   Facsimile: (703) 352-4820
   Attorneys for Plaintiffs

   DAVID K. LIETZ
   DC Bar No. 430557
   Admitted Pro Hac Vice
   THE LIETZ LAW FIRM
   888 16th Street, NW, Suite 800
   Washington, DC 20006
   Phone: (202) 349-9869
   Facsimile (202) 349-9857

   Attorneys for Plaintiffs
   Cheikh Sidy Mohamed Tampadou and
   Oury Cisse (individually and as
   co-liquidators of the estate of
   Souleymane Tambadou

373092-1

CHEIKH SIDY MOHAMED TAMBADOU and OURY CISSE, Individually and as Co-Liquidators of the Estate of SOULEYMANE TAMBADOU, deceased, 12435 Av de Saint-Castin Montreal, Quebec H3M 2L9 Canada,
v. Greyhound Lines, Inc.,
1:07-CV-09299-LEK-DRH   -  Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER** was filed electronically via ECF and was also served via first class mail, postage prepaid, this 29th day of November, 2007, to:

**VALAD and VECCHIONE PLLC**
**Attorneys for Plaintiff**
**3863 Plaza Drive**
**Fairfax, VA 22030**
**(703) 352-4800**

**THE LIETZ LAW FIRM, PLLC**
**Attorneys for Plaintiff**
**888 16th Street North West**
**Suite 800**
**Washington, DC 20006**
**(202) 349-9867**

_____
Kevin B. Pollak  (KBP 6098)

Sworn to before me this
29th day of November, 2007.

_____
NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20__

372738.1

----------------------------------------------------------------X

CHEIKH SIDY MOHAMED TAMBADOU and OURY
CISSE, Individually and as Co-Liquidators of the Estate of         07 CIV 9299 (PKL)
SOULEYMANE TAMBADOU, deceased,
124 Av de Saint-Castin
Montreal, Quebec H3M2L9
Canada,

                                    Plaintiffs,

        -against-

GREYHOUND LINES, INC.,
P.O. Box 660362
Dallas, Texas 75266,
        and
LAIDLAW INTERNATIONAL, INC.
55 Shuman Boulevard #600
Naperville, Illinois 60563,

                                    Defendants.
----------------------------------------------------------------X

---

## ANSWER – JURY TRIAL DEMANDED

---

FABIANI COHEN & HALL, LLP
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue-4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

        PLEASE TAKE NOTICE that a                             of which the within is a
(true) (certified) copy

        [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

        [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
        *one of the judges of the within named court at the Courthouse at* on   ,    2007 at
o'clock

Dated:

                            Yours, etc.,
                    FABIANI COHEN & HALL, LLP
                    570 Lexington Avenue, 4th Floor
                        New York, New York 10022