```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TERESITA SANTIAGO, RAMON LORENZO and TERESITA        ELECTRONICALLY FILED
SANTIAGO, as the Mother and Natural Guardian of KAREN
SANTIAGO DIAZ and HENRY LORENZO, infants,

                                            Plaintiffs,

                          v.                                         06 CIV. 7108 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER
and TIRE COMPANY,
                                                                     Jury Trial Demanded
                                            Defendant.
-------------------------------------------------------------------X    AMENDED ANSWER OF MOTOR
GREYHOUND LINES, INC.,                                                  COACH INDUSTRIES, INC. TO
                                                                        GREYHOUND'S CONSOLIDATED
                                 Third Party Plaintiff,                 THIRD PARTY COMPLAINT AND
                                                                        CROSS-CLAIM AGAINST
                          v.                                            GREYHOUND

MOTOR COACH INDUSTRIES, INC.,

                                 Third-Party Defendant.
-------------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIA MERCEDES ROSARIO BRETON, FABIAN GARCIA and
PAOLA GARCIA,

                                            Plaintiffs,
                          v.                                         06 CIV. 7110 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER
and TIRE COMPANY,

                                            Defendant.
-------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                                 Third Party Plaintiff,

                          v.

MOTOR COACH INDUSTRIES, INC.,

                                 Third-Party Defendant.
-------------------------------------------------------------------X
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZIBO WANG,

                              Plaintiff,

                     v.
                                                  06 CIV. 11382 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER
and TIRE COMPANY,

                              Defendant.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                            Third Party Plaintiff,

                     v.

MOTOR COACH INDUSTRIES, INC.,

                            Third-Party Defendant.
------------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIRSTEN ANDERSON,

                            Plaintiff,
                   v.

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                            Defendant.         06 CIV. 13371 (PKL)
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                            Third Party Plaintiff,

                   v.

MOTOR COACH INDUSTRIES, INC.,

                            Third-Party Defendant.
------------------------------------------------------------------X

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAURE BOUDET,

                                        Plaintiff,

                v.

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER         07 CIV. 3098 (PKL)
and TIRE COMPANY,

                                        Defendants.
-------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                                        Third Party Plaintiff,

                v.

MOTOR COACH INDUSTRIES, INC.,

                                        Third-Party Defendant.
-------------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BETTY DORCE EXUME, as ADMINISTRATRIX OF THE
ESTATE OF ANTONIDE DORCE, deceased, and BETTY DORCE
EXUME, individually, JACQUELIN BERTRAND and MARIE
LILIANE MILARD,

                                        Plaintiffs,

                v.

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER         07 CIV. 3289 (PKL)
and TIRE COMPANY,

                                        Defendant.
-------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                                        Third Party Plaintiff,

                v.

MOTOR COACH INDUSTRIES, INC.,

                                        Third-Party Defendant.
-------------------------------------------------------------------X
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTIAN YOPA and ABI-SARA MACHOLD,

                        Plaintiff,

               v.

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER and     07 CIV. 6889 (PKL)
TIRE COMPANY,

                        Defendants.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                        Third Party Plaintiff,

               v.

MOTOR COACH INDUSTRIES, INC.,

                        Third-Party Defendant.
------------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHERRY ANN GEORGE, SHERRY ANN GEORGE, as Mother and
Natural Guardian of VOSHONA GEORGE, Infant, and SHERRY ANN     07 CIV 8364 (PKL)
GEORGE and ALLISON IDOHOU, as Co-Administrators of the
ESTATE OF DOREEN GEORGE, Deceased,

                        Plaintiffs,

               v.

GREYHOUND LINES, INC., and THE GOODYEAR RUBBER and
TIRE COMPANY,

                        Defendants.
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                        Third Party Plaintiff,

               v.

MOTOR COACH INDUSTRIES, INC.,

                        Third-Party Defendant.
------------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHEIKH SIDY MOHAMED TAMBADOU and OURY
CISSE, Individually and as Co-Liquidators of the Estate of
SOULEYMANE TAMBADOU, deceased,

                                 Plaintiffs,

                        v.                               07 CIV 9299 (PKL)

GREYHOUND LINES, INC., and THE GOODYEAR
RUBBER and TIRE COMPANY,

                                Defendants.
------------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                                Third Party Plaintiff,

                       v.

MOTOR COACH INDUSTRIES, INC.,

                                Third-Party Defendant.
------------------------------------------------------------------------X

        Defendant Motor Coach Industries, Inc. ("MCI"), by its attorneys Novack Burnbaum Crystal LLP, hereby answers the Consolidated Third-Party Complaint ("Third Party Complaint") of Defendant/Third Party Plaintiff Greyhound Lines, Inc. ("Third Party Plaintiff"), as follows:

        1.      Admits that Third Party Plaintiff is a Delaware corporation with its principal place of business in Dallas, Texas, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 of the Third Party Complaint.

        2.      Admits the allegations in Paragraph 2 of the Third Party Complaint.

        3.      Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 3 of the Third Party Complaint.

4. Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 4 of the Third Party Complaint.

5. Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 5 of the Third Party Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Third Party Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Third Party Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Third Party Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Third Party Complaint and respectfully refers the Court to the Consolidated Complaint for the contents thereof.

10. Admits that the bus at issue bore VIN 1M8PDMRA6YP052551, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 of the Third Party Complaint.

11. Admits the allegations in Paragraph 11 of the Third Party Complaint.

12. Admits that MCI participated in the design of the subject bus, and denies the remaining allegations of paragraph 12 of the Third Party Complaint.

13. Admits that it assembled the subject bus, and denies the remaining allegations of paragraph 13 of the Third Party Complaint.

14. Admits the allegations of paragraph 14 of the Third Party Complaint.

15. Denies the allegations of paragraph 15 of the Third Party Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Third Party Complaint.

17. Denies the allegations of paragraph 17 of the Third Party Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

18. Repeats its responses to paragraphs 1 through 17 of the Third Party Complaint in response to the allegations in Paragraph 18 of the Third Party Complaint.

19. Denies the allegations of paragraph 19 of the Third Party Complaint.

20. Denies the allegations of paragraph 20 of the Third Party Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

21. Repeats its responses to paragraphs 1 through 20 of the Third Party Complaint in response to the allegations in Paragraph 21 of the Third Party Complaint.

22. Denies the allegations of paragraph 22 of the Third Party Complaint.

23. Denies the allegations of paragraph 23 of the Third Party Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

24. Repeats its responses to paragraphs 1 through 23 of the Third Party Complaint in response to the allegations in Paragraph 24 of the Third Party Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Third Party Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Third Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Third Party Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Third Party Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Third Party Complaint.

30. Denies the allegations of paragraph 30 of the Third Party Complaint.

31. Denies the allegations of paragraph 31 of the Third Party Complaint.

32. Denies the allegations of paragraph 32 of the Third Party Complaint.

33. Denies the allegations of paragraph 33 of the Third Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

34. The damages allegedly sustained by Third Party Plaintiff were caused solely by its own culpable and negligent conduct or the culpable and negligent conduct of parties other than MCI and were not caused or contributed to by reason of any negligence or other omission or act on the part of MCI.

## SECOND AFFIRMATIVE DEFENSE

35. Third Party Plaintiff is barred from recovery against MCI because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

## THIRD AFFIRMATIVE DEFENSE

36. The Consolidated Third Party Complaint fails to state claims upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

37. The damages allegedly sustained by the Third Party Plaintiff were caused by misuse of the products or materials identified in the Consolidated Third Party Complaint or by

use in a manner not intended or not in accord with instructions and labels and not by any culpable and negligent conduct by MCI.

### FIFTH AFFIRMATIVE DEFENSE

38. If any of the products involved were designed, manufactured, produced and/or sold by MCI, such products were substantially modified, changed and/or altered by third persons over whom MCI exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

39. If any of the products involved were designed, manufactured, produced and/or sold by MCI, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

### SEVENTH AFFIRMATIVE DEFENSE

40. If any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by MCI, then each such warranty, guarantee or representation was fully satisfied.

### EIGHTH AFFIRMATIVE DEFENSE

41. If any of the products in question were manufactured, designed, produced and/or sold by MCI, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications for the purchase orders.

### NINTH AFFIRMATIVE DEFENSE

42. Some or all of the claims set forth in the Consolidated Third Party Complaint are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

43. If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff is barred from recovery against MCI because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

## ELEVENTH AFFIRMATVE DEFENSE

44. All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to MCI.

## TWELFTH AFFIRMATIVE DEFENSE

45. Third Party Plaintiff's claims herein are barred by reason of waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

46. If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff's claims herein are barred by reason of the terms and conditions of the agreement applicable to the sale of such goods, including the limitations of remedy and damages, and disclaimers of any implied warranties.

## FOURTEENTH AFFIRMATIVE DEFENSE

47. To the extent that the Consolidated Third Party Complaint purports to assert a claim or claims seeking damages for "economic losses" under tort theories, such claims and damages are unavailable as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

48. Third Party Plaintiff participated in the design of the subject coach and therefore may not now seek recovery from MCI for any alleged design defects.

### SIXTEENTH AFFIRMATIVE DEFENSE

49. The subject coach was properly designed and manufactured, and thus MCI cannot be held liable for any of the damages alleged in the Consolidated Third Party Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

50. Other parties and third persons not parties to this action were negligent or legally responsible or otherwise at fault, in whole or in part, for the damages alleged in the Consolidated Third Party Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

51. The subject coach conformed to the state-of-the-art for the design and manufacture of such similar products.

### NINETEENTH AFFIRMATIVE DEFENSE

52. Third Party Plaintiff's claims are pre-empted by Federal statutory and/or regulatory law.

### TWENTIETH AFFIRMATIVE DEFENSE

53. Third Party Plaintiff's claims are barred in whole or in part by the fact that Third Party Plaintiff or other third parties proximately caused, in whole or in part, Third Party Plaintiff's alleged damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

54. Third Party Plaintiff's claims for alleged defects occurred after the expiration of the sole warranty provided by MCI with respect to the subject bus.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

55. MCI reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST GREYHOUND LINES, INC.

56. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 33 of the Third Party Complaint with the same force and effect as if set forth herein at length.

57. If plaintiffs and their decedents were caused to suffer damages as a result of the incidents alleged in the Consolidated Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of MCI but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of Third Party Plaintiff and its directors, officers, agents and employees.

58. If MCI is held liable for any of the damages claimed by the plaintiffs, then MCI is entitled to contribution and/or indemnification, in whole or in part, from Third Party Plaintiff, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between it and MCI, as well as costs and attorneys fees.

WHEREFORE, Motor Coach Industries, Inc. demands judgment:

(1) dismissing the Consolidated Third Party Complaint with prejudice;

(2) granting to Motor Coach Industries, Inc. the relief requested in its cross-claim;

(3) awarding Motor Coach Industries, Inc. its costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and

(4) granting to Motor Coach Industries, Inc. such other relief as this Court deems

just and proper.

Dated: New York, New York
       April 8, 2008

                                                Novack Burnbaum Crystal LLP

                                                By: _____
                                                     Howard C. Crystal (HC1666)
                                                300 East 42nd Street
                                                New York, New York 10017
                                                (212) 682-4002

                                                Attorneys for Third Party Defendant
                                                Motor Coach Industries, Inc.

To:
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

TAUB & MARDER
450 Seventh Avenue, 37th Street
New York, New York 10123
(212) 967-1122

RICH & RICH, P.C.
30 Vesey Street
New York, New York 10007
(212) 406-0440

KREINDLER & KREINDLER
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 697-8181

GOLDBERG SEGALLA, LLP
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400

RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11214
(718) 522-1020

NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
200 West 57th Street
New York, New York 10019
(212) 586-6165

VALAD and VECCHIONE PLLC
3863 Plaza Drive
Fairfax, VA 22030

THE LIETZ LAW FIRMS, PLLC
888 16th Street North West
Suite 800
Washington, DC 20006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via first class mail, postage prepaid, this 19th day of March, 2008, upon:

FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

TAUB & MARDER
450 Seventh Avenue, 37th Street
New York, New York 10123
(212) 967-1122

RICH & RICH, P.C.
30 Vesey Street
New York, New York 10007
(212) 406-0440

KREINDLER & KREINDLER
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 697-8181

GOLDBERG SEGALLA, LLP
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400

RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11214
(718) 522-1020

NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
200 West 57th Street
New York, New York 10019
(212) 586-6165

VALAD and VECCHIONE PLLC
3863 Plaza Drive
Fairfax, VA 22030

THE LIETZ LAW FIRMS, PLLC
888 16th Street North West
Suite 800
Washington, DC 20006

_/s/ Howard C. Crystal_
Howard C. Crystal