# FABIANI COHEN & HALL, LLP
### ATTORNEYS AT LAW
570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

(212) 644-4420
FAX (212) 207-8182

August 18, 2008

**Via Facsimile - 212-805-4258**

Honorable Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 525
New York, New York 10007

Re: Anderson, et al. v. Greyhound Lines, Inc., et al. v. Motor Coach Industries,
Inc., et al. (06 CV 13371) and Related Actions
Our File No. 818.34464

Dear Judge Freeman:

*Handwritten endorsement:* Defendant Greyhound Lines, Inc. (and any other party that wishes to do the same) may designate a representative of each insurer, or third-party administrator of a self-insured retention, as a person who may be furnished "confidential information" in this case, subject to the terms of a Protective Order. The parties are directed to submit a jointly-proposed Protective Order to the Court for its review no later than September 26, 2008.

SO ORDERED: DATE: 9/11/08
/s/ Debra Freeman
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

This office represents Greyhound Lines, Inc. ("Greyhound") in connection with the above matters. This letter is submitted in response to Goodyear's counsel's August 15, 2008 letter. For the reasons set forth below, as well as those set forth in Greyhound's July 22, 2008 letter to Judge Leisure and those mentioned during the August 7, 2008 conference, third-party administrators and insurers should be permitted to receive confidential information.[1]

At the August 7, 2008 conference the Court asked Goodyear's counsel to submit case law addressing the third-party administrator/insurer issue. Goodyear's counsel has failed to cite a single case that states that third-party administrators and insurers should not be allowed to receive confidential information. On the other hand, Greyhound has cited three confidentiality order cases where an insurer has specifically been included as a party that can receive confidential information. The rationale is obvious and set forth in Greyhound's July 22, 2008 letter. See, Houdini, Inc. v. Goody Baskets, LLC, 2005 WL 6070180 (C.D.Cal. 2005) [Court ordered that "documents designated as 'CONFIDENTIAL'...shall not be disclosed...to any person or entity other than counsel of record for a party...employees and agents of any insurer of any defendants"]; Iwanejko v. Cohen & Grigsby, P.C., 2005 WL 4043954 (W.D.Pa. 2005) [Court ordered that "Confidential information shall be disseminated only among attorneys, their support staff, witnesses, parties, their insurers, and experts."]; The Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 364081 (C.D.Cal. 1997) [Court so-ordered that confidential information could be disclosed to "a litigation specialist assigned by an insurer providing defense or coverage"]. So much for Goodyear's assertion that "there are no cases in this Circuit which

---

[1] Greyhound does not accept Goodyear's unilateral reservation at footnote 1 of its August 15, 2008 letter. Contrary to Goodyear's assertion, "trade secret" information and "confidential" information are not different. Rather, trade secret information is merely a type of confidential information. This is made clear by the definition of confidential information -- see paragraph 3(a) of Greyhound's proposed confidentiality order.

393462.1

Honorable Debra Freeman
United States District Court Judge
August 18, 2008
Page 2

recognize the legal right or necessity to disclose confidential documents to insurers or third-party administrators".

As opposed to setting forth any substantive arguments, Goodyear instead wastes this Court's time by reciting the procedural history of the current form of Greyhound's proposed confidentiality order (see, pages 4, 5, and 7-8 of Mr. Kaplan's letter). This procedural recitation is irrelevant to the substantive issue the Court must decide. Instead of addressing the issue at hand, Goodyear addresses aspects of Greyhound's proposed confidentiality order that are not (yet) before the Court (see, pages 8-9 of Mr. Kaplan's letter[2]). Goodyear also offers a bunch of form confidentiality orders which are nothing more than forms which are meant to be modified. Even the introductory comments to the "highly regarded" New York City Bar Association form states that "counsel are encouraged to agree to the Stipulation and Order or modify it to accommodate the needs of each case". (Greyhound is at a loss why the "highly regarded" Bar Association form would or should trump case law that recognizes a third-party administrator's/insurer's right to receive confidential information.)

Finally, Mr. Kaplan argues at page 11 of his letter, that Greyhound has failed to offer any reason why third-party administrators/insurers should be entitled to receive confidential information. As pointed out in Greyhound's July 22, 2008 letter, not permitting Greyhound's third-party administrator, or "any insurer that may be liable to pay for or indemnify for any loss(es), verdict(s), judgment(s) or settlement(s)" in connection with this action, to have access to confidential information would have a chilling effect on the typical and usual free flow of information between an insured defendant (such as Greyhound), defense counsel and the insurance carrier. Under Goodyear's proposal neither Greyhound not its defense counsel could provide Greyhound's insurers with a clear and frank assessment of this litigation as it progresses and moves forward. Goodyear's limitations would put Greyhound at risk of the insurer threatening to disclaim coverage or actually disclaiming coverage due to Greyhound's lack of cooperation. The limitation Goodyear proposes could also force Greyhound into the position of claiming that its insurer is acting in bad faith. These scenarios are real and possible if insurers are not given access to confidential information. Goodyear's position on confidentiality would prejudice Greyhound and force Greyhound and its insurers into an untenable and adversarial relationship. It is therefore submitted that the Court should permit third-party administrators/insurers to receive confidential information.

The Court's attention to the above is appreciated.

Very truly yours,

Kevin B. Pollak (KBP6098)

KBP/lal
cc: All counsel via E-Mail and Facsimile

---

[2] Goodyear's counsel still refuses to confer or meet with Greyhound's counsel regarding apparent objections that Goodyear has to Greyhound's proposed confidentiality order despite this Court's unequivocal directive that "the parties are…to confer in good faith, and to raise additional issues with the Court only if they are unable to reach an agreement after their good faith conference".

393462.1